**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7200

WRITER'S INTERNET ADDRESS
susheelkirpalani@quinnemanuel.com

May 6, 2014

VIA ELECTRONIC CASE FILING

Honorable Shelley C. Chapman
United States Bankruptcy Court
  for the Southern District of New York
One Bowling Green
New York, New York 10006

Re:   *Lehman Bros. Holdings Inc. et al. v. Citibank, N.A. et al.*
      *(In re Lehman Bros. Holdings Inc.)*, No. 12-01044 (Bankr. S.D.N.Y.)

Dear Judge Chapman:

      We write on behalf of Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates and the Official Committee of Unsecured Creditors (collectively, the "Plaintiffs"). Plaintiffs respectfully request, pursuant to Local Rule 7056-1(a), a pre-motion conference to discuss their proposed motion for partial summary judgment with respect to the discrete issues identified below.

      In this adversary proceeding, Plaintiffs challenge the validity of the more than $2.4 billion in claims that Citibank, N.A. ("Citibank") filed against various debtors, including claims filed against LBHI under alleged parent guarantees.[1] Citibank asserts its unsecured claims against LBHI are secured by a right of setoff against a $2 billion cash deposit that LBHI placed in a Citibank account in the months before the bankruptcy filings.[2] In reliance on its alleged right of setoff, Citibank asserts a claim for post-petition interest at exorbitant rates, fees, and other costs under section 506(b) of the Bankruptcy Code. Citibank's entitlement to those amounts (if any) presents a question of law susceptible to resolution through a partial motion for summary judgment.

---

[1] See, e.g., Second Amended Complaint And Claims Objection dated January 29, 2014 (Docket No. 43) and Citibank's Answer thereto dated February 28, 2014 (Docket No. 51) ("Answer").

[2] On June 13, 2008, at Citibank's insistence, Citibank debited $2 billion from LBHI's general demand deposit account at Citibank and transferred those funds to a separate account in Nassau, Bahamas. Answer at 30-31 (¶ 43). Following the bankruptcy, Citibank transferred the funds to another account but continues to hold them as "a ledger entry on Citibank's books indicating that Citibank has a debt owed to LBHI." Citibank's Mem. In Opp. To Provisional Allowance Mot. dated October 2, 2013 (Docket No. 33) at 9-10.

The Honorable Shelley C. Chapman
May 6, 2014
Page 2 of 3

      Creditors that purportedly are secured by virtue of their setoff rights under section 506(a) of the Bankruptcy Code are not entitled to post-petition interest under the plain text of section 506(b). Section 506(a) differentiates between (1) a claim secured by a lien on property in which the estate has an interest and (2) a claim that is subject to setoff under section 553 of the Bankruptcy Code.³ Section 506(b) only authorizes the payment of post-petition interest on claims "***secured by property*** the value of which … is greater than the amount of such claim." 11 U.S.C. § 506(b) (emphasis added). The statute is clear. Creditors secured by "property" are entitled to post-petition interest on their claims. Creditors secured by right of setoff are not.⁴

      Citibank's position is that LBHI's $2 billion is not "collateral," and that Citibank's only purported rights to the $2 billion are in the nature of setoff.⁵ Because Citibank concedes it is a secured creditor simply by virtue of its asserted right of setoff, and not by virtue of any lien, all of its claims for post-petition interest and fees under section 506(b) of the Bankruptcy Code must be denied on the plain reading of the statute.⁶

      As the Second Amended Complaint illustrates, the amounts involved in this case are staggering. Disposition of this pure issue of law will streamline the litigation and focus the Court and the parties on the remaining issues to be litigated.⁷ Moreover, resolution of these issues does not require an assessment of the factual record, and instead they can be decided as a matter of law.

      We thank the Court for its attention to this letter and look forward to discussing this matter at the Court's convenience (or, if the Court's calendar permits, at the hearing scheduled for Tuesday May 14, 2014 in the Lehman Brothers Holdings Inc. chapter 11 cases (08-13555)).

---

³  Notably, setoffs and liens "connote independent concepts, governed by distinct legal principles," Marley v. United States, 381 F.2d 738, 743 (Ct.Cl. 1967), and section 506(a) does not raise a setoff to the character of a property interest or a lien. In re Stephenson, 84 B.R. 74, 78 (Bankr. N.D.Tex. 1988) ("If a setoff were a lien it would not be necessary to specifically mention setoffs in § 506.").

⁴  See Columbia Aircraft Co. v. United States, 163 F. Supp. 932, 934-35 (S.D.N.Y. 1958) (L. Hand, J.) (reasoning that while over-secured creditors (i.e., creditors secured by a pledge of property) are traditionally entitled to post-petition interest, "the privilege of setoff is nothing more than a procedural economy in the enforcement of mutual obligations;" denying claim for post-petition interest under Bankruptcy Act secured solely by way of setoff).

⁵  See, e.g., 10/23/13 Hr'g Tr. (Docket No. 37) at 40:14-19 (Citibank states "[setoff is] unique when one thinks of it, and you cannot start analogizes [sic] to your traditional understandings of collateral in the sense of having property of the debtor.").

⁶  Citibank asserts its entitlement to post-petition interest continues to accrue. But even if section 506(b) does apply, it does not authorize post-confirmation interest, which is circumscribed under applicable law. See 4 Collier on Bankruptcy ¶ 506.04 at 506-105 ("A distinction must be drawn in the chapter 11, 12 and 13 contexts between post*petition* interest and post*confirmation* interest … [Section 506(b)] has no application to a secured creditor's entitlement to post confirmation interest, other than by assisting in fixing the amount of a secured creditor's claim for confirmation purposes …").

⁷  Because of the discrete nature of this legal issue, the motion will be styled as a "partial" motion for summary judgment submitted without prejudice to Plaintiffs' rights to file additional motions.

The Honorable Shelley C. Chapman
May 6, 2014
Page 3 of 3

                                                Respectfully submitted,

                                                Susheel Kirpalani

cc:    Stephen J. Shimshak (counsel to Citibank, N.A.)
       Claudia Hammerman (counsel to Citibank, N.A.)
       William Clareman (counsel to Citibank, N.A.)
       Lynn Harrison 3rd (counsel to LBHI)
       Peter J. Behmke (counsel to LBHI)
       Andrew Rossman (counsel to Committee)
       James C. Tecce (counsel to Comittee)
       Eric M. Kay (counsel to Committee)