PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

212-373-3133

WRITER'S DIRECT FACSIMILE

212-492-0133

WRITER'S DIRECT E-MAIL ADDRESS

sshimishak@paulweiss.com

May 12, 2014

**By E-Mail and ECF**

Honorable Shelley C. Chapman
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

      *LBHI, et al.* v. *Citibank, N.A., et al.*, Adv. Proc. No. 12-01044 (SCC)

Dear Judge Chapman:

      We write on behalf of the Citi defendants in response to plaintiffs' May 6, 2014 letter requesting a pre-motion conference on their proposed motion for partial summary judgment.

      Despite plaintiffs' position that they don't owe Citi anything, but even if they do, that Citi does not have valid setoff rights, plaintiffs seek (for the second time in nine months) a judicial determination that Citi is not entitled to post-petition interest.[1] This time, plaintiffs argue that an oversecured creditor with setoff rights is not "secured by property" and therefore not entitled to post-petition interest under section 506(b). Plaintiffs' position has no support in case law decided after section 506(b) was enacted and is contrary to long-standing Supreme Court precedent. *See U.S.* v. *Ron Pair Indus.*, 489 U.S. 235, 245 (1989) ("as written [section 506(b)] directs that postpetition interest be paid on all oversecured claims."). Accordingly, further briefing on the issue will only waste the time and resources of the Court and the parties.

      Plaintiffs rely on the supposed "plain text" of section 506(b). Plaintiffs' plain text argument begins with the false premise that, because section 506(a) provides that a claim is a "secured claim" if "secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553," creditors must either be secured "by property" or "by right of setoff," and that these concepts are mutually exclusive. Plaintiffs then turn to subsection (b), which provides that a creditor is entitled to post-petition interest if their "allowed secured claim is secured by property the value of which,

---

[1] *See* Plaintiffs' Motion For Entry of an Order Provisionally Allowing Claims, Docket No. 29 (Aug. 14, 2013); Oct. 23, 2013 Hr'g Tr., Docket No. 37 (denying plaintiffs' motion).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Shelly C. Chapman                                                       2

… is greater than the amount of such claim" and plaintiffs argue that creditors secured by "right of setoff" are not secured "by property" and so not entitled to post-petition interest. This reading of section 506(b) – never advanced in any reported decision in the 40 years since the Bankruptcy Code was enacted, and contrary to the settled expectations of the entire banking industry – is not tenable.

Plaintiffs contend that a secured creditor with setoff rights under section 506(a) is somehow not "secured by property" of the debtor for purposes of section 506(b). But, for a claim to be "subject to setoff," as provided in section 506(a), the creditor must have a right against property as a basis for setting off its claim. The deposit accounts at issue in this litigation are debts that Citi owes to plaintiffs. These debts are unquestionably property of the plaintiffs' estate. *See* 5 COLLIER ON BANKRUPTCY § 541.08 (Alan N. Resnick & Henry J Sommer eds., 16th ed.) ("Deposits in the debtor's bank account become property of the estate under section 541(a)(1). The bank deposit is a chose in action evidencing the debt owed by the bank to the debtor."). Plaintiffs concede as much by asserting turnover claims in their Complaint to recover this property.[2]

Similarly, there is no question that a setoff right is a form of security against property and thus a creditor with setoff rights is "secured by" property. *See* 5 COLLIER §506.03[1][b] ("in practical terms, there is little to distinguish between a creditor's status arising from a right of setoff and its status arising from a lien. Indeed, a right of setoff has been described as 'security of the most perfect kind.'") (citing *Boston Ins. Co. v. Nogg (In re Yale Express Sys., Inc.)*, 362 F.2d 111, 114 (2d Cir. 1966)). Further, the legislative history states that the enactment of section 506(a) "recognizes that an amount subject to set-off is sufficient to recognize a secured status in the holder of such right." 124 Cong. Rec. H 11,095 (daily ed. Sept. 28, 1978); S17,411 (daily ed. Oct. 6, 1978).[3]

The plain text of sections 506(a) and (b) provides that a creditor may be secured either by virtue of a lien or a setoff right against the debtor's property and, if oversecured by either one, the creditor is entitled to post-petition interest under subsection (b).

---

[2] *See* Second Amended Complaint ¶ 275, Docket No. 43 (January 29, 2014) ("Citibank is in possession, custody and/or control of the $2 billion, which is of substantial value and benefit to LBHI's estate and *which is property belonging to LBHI* that may be used, sold or leased by LBHI.") (emphasis added).

[3] Plaintiffs' implication that a creditor must have a lien in order to receive post-petition interest is rejected by the plain text of the statute. While section 506(a) refers to "a creditor secured by <u>a lien on</u> property, section 506(b) refers to a claim that is "secured <u>by</u> property." Plaintiffs either ignore this textual difference or maintain that the two phrases mean the same thing. In fact, when Congress wanted to differentiate between the two types of secured claims identified in section 506(a) – *i.e.*, those "subject to setoff" and those "secured by a lien on property" – it did so clearly by referring to creditors "secured <u>by a lien</u> on property." Section 1111(b), for example, states that a creditor holding a "claim secured <u>by a lien on property</u>" may elect to have a recourse claim against the debtor, using the exact same language found in section 506(a).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Shelly C. Chapman                                                                                                3

Accordingly, and as numerous courts have held, a creditor oversecured by virtue of setoff rights against the debtor's property is entitled to post-petition interest.[4]

As for their case law, plaintiffs' reliance on *Columbia Aircraft Co. v. U.S.*, 163 F.Supp. 932 (S.D.N.Y. 1958) is misplaced.[5] That case was decided under the Bankruptcy Act of 1938 when (1) creditors with setoff rights were not secured creditors; (2) there was no express provision in the Bankruptcy Act permitting post-petition interest for any creditor; and (3) by judicial doctrine, only oversecured creditors with consensual liens were entitled to receive post-petition interest. The Bankruptcy Act of 1978 explicitly overwrote the first two assumptions[6] and the Supreme Court in *Ron Pair* abolished the third.[7] As the Supreme Court noted in *Ron Pair*, pre-Code decisions concerning post-petition interest are "of little assistance" because "the statute Congress wrote is simply not subject to a reading that would harmonize it with the supposed pre-Code rule." 489 U.S. at 248.

For all these reasons, Citi requests that the Court deny plaintiffs' request.[8]

---

[4] *See, e.g., In re Szymanski*, 413 B.R. 232, 252 (Bankr. E.D. Pa. 2009) ("with the setoff claim treated as though it were a secured claim under section 506(a) of the Bankruptcy Code, and with the collateral being the deposit accounts, Wachovia is an oversecured creditor entitled to post-petition interest under section 506(b)."); *In re Rozel Indus., Inc.*, 120 B.R. 944, 948 (Bankr. N.D. Ill. 1990) ("*Ron Pair* establishes that the right to post-petition interest applies in the context of a claim which is oversecured as defined in § 506(a) by virtue of the creditor's right of setoff."); *Matter of Kennedy Mortgage Co.*, 23 B.R. 466 (Bankr. D.N.J. 1982) (same).

[5] The other two cases plaintiffs cite state that a setoff is distinct from a lien but do not discuss a secured creditor's right to post-petition interest or section 506(b).

[6] *See* 5 COLLIER §506.LH[2] ("The [1938] Act contained no express provisions relating to ... the allowance of postpetition interest, fees, costs and charges to secured creditors"); Bankruptcy Act of 1978 § 506(a)-(b), Pub. L. No. 95-598, 92 Stat. 2549 (1978).

[7] *See Ron Pair*, 489 U.S. at 246-248.

[8] Citi reserves its right to raise additional arguments should the Court allow plaintiffs to proceed, including that the motion seeks an improper advisory opinion given that plaintiffs contest that they owe Citi money and that Citi has valid setoff rights. *See Lovely v. Eggleston*, 2012 WL 4459463, at *2 (S.D.N.Y. Sept. 19, 2012) (ruling that, in the absence of a determination on liability, a motion for partial summary judgment on damages seeks "an inappropriate advisory opinion"); *Fleisher v. Phoenix Life Ins. Co.. See* --- F. Supp. 2d ---, 2014 WL 1744766, at *23 (S.D.N.Y. Apr. 29, 2014) ("There is no basis for summary judgment motions addressed to damages issues when liability issues remain to be decided."); --- F. Supp. 2d ---, 2014 WL 550391, at *11 (S.D.N.Y. Feb. 7, 2014) (denying defendant's motion for partial summary judgment as "premature" because "[t]he proper calculation of interest ... is best left until after trial, after we see whether any damages are awarded and what they might be").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Shelly C. Chapman     4

Respectfully,

Stephen J. Shimshak

cc (via email): Counsel of Record