**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

**VIA ELECTRONIC CASE FILING**                                          May 12, 2014

Honorable Shelley C. Chapman
United States Bankruptcy Court
  for the Southern District of New York
One Bowling Green
New York, New York 10006

Re:   *Lehman Bros. Holdings Inc. et al. v. Citibank, N.A. et al. (Adv. Proc. 12-1044 (SCC))*

Dear Judge Chapman:

      To the extent the Court considers arguments made by Citibank without regard to Chambers' 2-page limit, Plaintiffs respectfully submit the following. ***First***, Ron Pair stands for the irrelevant proposition that over-secured creditors are entitled to postpetition interest regardless of whether their liens are voluntary or involuntary. ***Second***, the legislative history to section 506(b) makes clear the Code merely codified existing case law under the Bankruptcy Act—including Columbia Aircraft.[1] ***Third***, Citibank's Collier citations are notably incomplete; the letter (p.2) cites to Collier ¶ 506.03[1][b] to say there is no distinction between setoff and a claim secured by a lien, but omits the immediately preceding sentence: *"To be sure, a right of setoff is not quite the same thing as a mortgage or a security interest."*[2] ***Fourth***, Citibank's attempt to conflate the language Congress used in section 506(b)—"secured by property"—with setoff rights preserved under section 553 cannot be reconciled with other sections of the Bankruptcy Code.[3] ***Fifth***, the 3 cases Citibank cites (n.4) contain no analysis of this issue and are distinguishable—2 involved liens and 1 involved a non-dischargeable tax claim. ***Sixth***, the fact that the deposit is "property of the estate" (p.2) does not mean Citibank is "secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim" within the plain meaning of section 506(b).[4]

---

[1] See Senate Report No. 95–989, 95th Cong, 2d Sess. 2 (1978) (noting "subsection (b) codifies current law by entitling a creditor with an oversecured claim to any reasonable fees, costs, or charges ..."); In re Anderson, 6 B.R. 601, 604 (Bank. S.D. Ohio) (noting Bankruptcy Code made postpetition interest "a matter of statutory effect ... in obvious light of the decisions in ... Columbia Aircraft Co."); 4 Collier ¶ 506.LH[2] & n.4 (506-148) (noting "section 506(b) can be said to codify pre-Code case law") (citing In re United Merchants and Mfgs. Inc., 674 F.2d 134, 138 (2d Cir. 1982)).

[2] 506-16 (emphasis added). Even worse, the letter (n.6) then cites Collier ¶ 506.LH[2] to say the Bankruptcy Act did not address interest, fees and costs, yet does not include the next sentence: *"All of these areas were the subject of case law, much of which is codified by subsections (b), (c), and (d) of section 506 of the Code."*) (506-148) (emphasis added).

[3] Compare § 362(a)(3) (halting acts to exercise control over "property of the estate"), with § 362(a)(7) (separately halting "setoff of any debt owing to the debtor"). Moreover, section 553 prohibits setoff to the extent a claim is *disallowed*. See § 502(b)(2).

[4] Citibank appears to concede that it is not entitled to any post-*confirmation* interest, not having addressed this argument in its letter.

The Honorable Shelley C. Chapman
May 12, 2014
Page 2 of 2

Respectfully submitted,

Susheel Kirpalani

cc:    Stephen J. Shimshak (counsel to Citibank, N.A.)
Claudia Hammerman (counsel to Citibank, N.A.)
William Clareman (counsel to Citibank, N.A.)
Lynn Harrison 3rd (counsel to LBHI)
Peter J. Behmke (counsel to LBHI)
Andrew Rossman (counsel to Committee)
James C. Tecce (counsel to Comittee)
Eric M. Kay (counsel to Committee)

99998.76570/5925018.1